

FILED

APR 0 6 2017

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ST. PETER'S HOSPITAL and MOUNTAIN STATES HEALTHCARE RECIPROCAL RISK RETENTION GROUP and COLUMBIA CASUALTY COMPANY, | Cause No. CV 16-91-H-SEH **PROTECTIVE ORDER** |

Plaintiffs/Counterclaim Defendants,

-vs-

LEXINGTON INSURANCE COMPANY,

Defendant/Counterclaim Plaintiff.

Upon stipulation of ST. PETER'S HOSPITAL, MOUNTAIN STATES

HEALTHCARE RECIPROCAL RISK RETENTION GROUP, COLUMBIA

CASUALTY COMPANY, and LEXINGTON INSURANCE COMPANY,

("Parties"), and good cause shown, this Court enters the following Protective

Order:

1.      In this action, the parties seek to determine whether there is coverage under

the subject policies issued by Lexington Insurance Company for the

amounts paid in defense and settlement of the Underlying Suit, *Fisher v. St.*

-1-

*Peter's Hospital, et al*, ADV 2014-722, First Judicial District, Lewis &

Clark County, Montana.  Information concerning the settlement of the

Underlying Suit is required to be produced pursuant to the Rules of Civil

Procedure, and in particular by F.R.Civ.P. 26(a)(1).

2.      "Confidential Settlement Information" shall include:

    a.      The General Release executed by the parties to *Fisher v. St. Peter's Hospital, et al*, ADV 2014-722, First Judicial District, Lewis & Clark County, Montana ("the Underlying Suit");

    b.      any document or communication referencing or discussing the substance and content of the General Release including copies, excerpts, or summaries of the General Release;

    c.      any document or communication referencing or discussing the substance and content of the settlement in the Underlying Suit; and

    d.      any document or communication prepared as part of the settlement in the Underlying Suit.

3.      The Confidential Settlement Information shall be produced by Plaintiffs

pursuant to the limitations in this Order, and is considered "Confidential

Information" for the purposes of the Order.

4.      In addition to Confidential Settlement Information, this Protective Order

governs the access to, use, and distribution of information designated

"Confidential Information" by the parties in the course of discovery.

Information deemed Confidential Information by the parties shall be

produced pursuant to the limitations in this Order.

5.     The Confidential Information shall be treated as confidential during and throughout the pendency of this action.  Confidential Information shall be used by the parties solely for the purposes of this litigation and not for any other purpose.  Each Party and all persons bound by the terms of this agreement shall use Confidential documents or Confidential Information only for the purpose of prosecution or defense of this litigation, including but not limited to evaluating and resolving the coverage dispute between the Parties in this litigation and further including handling, evaluating and resolving insurance coverage for the underlying claim at issue in this litigation. Control and distribution of Confidential Information shall be the responsibility of the attorneys of record.

6.     The parties shall not disclose information derived from such Confidential Information to any person except as provided in this Protective Order. Confidential Information may be inspected and disclosed by the parties only to the following persons and only for the purposes of conducting this litigation:

a.     The Parties to this agreement including counsel;

b.      Any person retained by counsel representing the Parties to assist in the preparation of trial of this litigation, including experts and paralegals;

c.      Any employee, representative, or claims administrator of the Parties who are involved in this action;

d.      Deposition reporters;

e.      The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions; and

f.      Auditors, parent companies, subsidiaries, affiliates, directors, officers, employees, agents, regulators, accountants, reinsurance and retrocessionnaires of any Party to this agreement.

7.      Each person to whom disclosure of Confidential Information is permitted by the Parties pursuant to paragraph 5 above shall be advised of this Protective Order and shall be informed (a) not to use any document or information for any purpose other than in connection with the prosecution of this action and (b) not to reveal such document or information to any person not so identified in Paragraph 5.

8.      If Confidential Information is to be filed or submitted to the Court, the parties will follow the appropriate Federal Rules of Civil Procedure and local rules with respect to the sealing of such Confidential Information. Specifically, filing documents under seal shall be conducted in compliance with L.R. 5.1(d).  No document filed under seal shall be considered by the

-4-

Court or relied upon by any party absent an order of Court so permitting.

9.    All parties understand that all documents relied upon by the Court in resolving any issue before the Court, including documents filed under seal, will be made public contemporaneously with the Court's ruling on the issue. None of the terms or conditions of this agreement shall apply to any information or documentation which hereafter becomes subject to public disclosure by order of Court or agreement of the parties.

10.    Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information.

11.    A party producing or disclosing information may invoke this Protective Order's protection by following the procedures set forth below:

    a.    With respect to documents, the copy of the document, when produced, shall bear the clear and legible designation "Confidential" on each page as to which the designating party seeks the protection of this Protective Order. To the extent a document contains some "Confidential" information and some non-confidential information, a party may designate the entire document for treatment as "Confidential" within the scope of this Protective Order.

    b.    With respect to answers to interrogatories or requests for admission, the specific responses containing Confidential Information shall be clearly marked as "Confidential".

c.      With respect to any deposition, such treatment may be invoked by: (1) declaring the same on the record at the deposition and, thereafter, by designating the specific portions of testimony as "Confidential" within thirty (30) days of the receipt of the transcript of the deposition in which the designations are made; or (2) designating specific portions of testimony as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made.  The entirety of all deposition transcripts shall be treated as "Confidential" for the thirty (30) day period following receipt of the transcript.

d.      If information deemed "Confidential" is inadvertently produced without the designation "Confidential," a party may nevertheless timely assert the confidentiality of the information upon learning of the inadvertent disclosure by providing written notice of such to all parties and producing said information or documents with the "Confidential" designation.  Upon receiving written notice from the designating party, all inadvertently produced privileged material will either be returned or destroyed, as instructed by the written notice.

12.   In the event that any party to this litigation disagrees with the propriety of a

"Confidential" designation as to any document, communication or

information,  such party shall give the designating party or entity written

notice of its disagreement.  The designating party shall have twenty (20)

days to seek an Order from the Court for the protection of the information

as Confidential.  The party designating information as "Confidential" shall

bear the burden of establishing the confidential nature of the material.  Any

information designated as "Confidential" shall remain subject to the terms

of this Protective Order unless and until otherwise provided by order of the

Court.

13. In the event that a party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process or by applicable laws, rules or regulations) to disclose any information designated "Confidential," in any proceeding except the subject litigation, the party shall provide all other parties with prompt written notice of the request or requirement within fourteen (14) days of receipt of the same, so that the other parties may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order.  If, in the absence of a protective order or other remedy or the receipt of a waiver by the other parties, the party is, upon advice of counsel, nonetheless legally compelled to disclose "Confidential" information, the party may, without risk of liability hereunder, disclose that portion of the "Confidential" information that counsel advises must be disclosed provided that timely written notice of the request or requirement has been made within fourteen (14) days of receipt of the same to the other parties.

14. The confidentiality obligations imposed by this agreement shall remain in effect after termination of this Litigation and until a designating party agrees otherwise in writing or a court orders otherwise.

15.    The foregoing is entirely without prejudice to the right of any party to apply

to the Court for any further Protective Order relating to confidential

information; or to object to the production of documents or information; or

to apply to the Court for an order compelling production of documents or

information.   This Order may be enforced by either party and any violation

may result in the imposition of sanction by the Court.

DATED this ___6th___ day of April, 2017.


                                    SAM E. HADDON
                                    United States District Judge