IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED
JUN 0 1 2018
Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| ST. PETER'S HOSPITAL and MOUNTAIN STATES HEALTHCARE RECIPROCAL RISK RETENTION GROUP and COLUMBIA CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY,<br><br>Defendant. | No. CV 16-91-H-SEH<br><br>ORDER |

Before the Court is Defendant Lexington Insurance Company's ("Lexington") Motion for Partial Summary Judgment.[1] A hearing on the motion was held on May 31, 2018.

## Introduction

The motion, framed as one for summary judgment, in substance, seeks

---

[1] Doc. 67.

dismissal of St. Peter's Hospital ("St. Peter's") on "real party in interest grounds."[2] Material facts are not in dispute. The motion is well-taken. Dismissal of St. Peter's as a party is appropriate.

This case arises from a now-settled underlying claim and suit brought against St. Peter's by a former patient ("Underlying Suit"). In settlement of the underlying case, St. Peter's entered into an assignment ("the Assignment") with Mountain States Healthcare Reciprocal Risk Retention Group and Columbia Casualty Company ("the Plaintiff Insurers") by which:

> Assignor [St. Peter's] . . . hereby assigns and transfers to Assignees [Plaintiff Insurers] and their agents, any and all benefits of any and all claims, actions, causes of action, rights, damages, losses, costs, expenses, compensation, and sums of money due or owing to Assignor that Assignor has had, now has, or may have . . . against any other person, company, or entity, including but not limited to any insurance carrier of Assignor . . . arising out of, in connection with, by reason of, or related directly or indirectly to the Underlying Action. Assignor consents to Assignees bringing any lawsuits for the matters assigned herein in the name of Assignor . . . . Assignor specifically assigns the benefits of any claim against Assignor's insurance carriers alleging breach of contract, breach of duty to defend, violation of the Unfair Trade Practices Act, or common law bad faith. This assignment does not preclude Assignees from bringing claims on their own behalf in addition to, in conjunction with, or separately from the claims asserted in Assignor's

---

[2] Doc. 69 at 2.

name by assignment.[1]

## Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Such is the case here.

Fed. R. Civ. P. 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." To be a real party in interest under 17(a), a party must have a substantive legal right to be protected, conferred by federal or state substantive law.[3]

It is the settled law of both the Ninth Circuit and the Montana Supreme Court that complete assignment of a claim divests the assignor of any remaining interest in the matter assigned.[4]

The assignment by St. Peter's in this case, as recited above, included, *inter*

---

[1] Doc. 68-2 at 1-2.
[2] Fed. R. Civ. P. 56(a); *See also Am. Triticale, Inc. v. Nytco Servs., Inc.*, 664 F.2d 1136, 1141-45 (9th Cir. 1981).
[3] *See* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 17.10[1] (Matthew Bender 3d Ed. 2017); *See also Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093-94 (9th Cir. 2004).
[4] *See* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 17.11[1][a] (Matthew Bender 3d Ed. 2017) (citing *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1282-83 (9th Cir. 1983); *see also Newman v. Scottsdale Ins. Co.*, 301 P.3d 348, 362 (Mont. 2013) (quoting *Skauge v. Mountain States Tel. & Tel. Co.*, 565 P.2d 628, 631 (Mont. 1977).

3

*alia*:

> Assignor [St. Peter's] . . . hereby assigns and transfers to Assignees [Plaintiff Insurers] and their agents, any and all benefits of any and all claims, actions, causes of action, rights, damages, losses, costs, expenses, compensation, and sums of money due or owing to Assignor that Assignor has had, now has, or may have . . . against any other person, company, or entity, including but not limited to any insurance carrier of Assignor . . . arising out of, in connection with, by reason of, or related directly or indirectly to the Underlying Action.[5]

The claims asserted in the instant case all arose from the Underlying Suit and were within the claims assigned by St. Peter's to the Plaintiff Insurers. The assignments were complete. St. Peter's retained no real-party-in-interest basis upon which to maintain any action against Lexington in this case, including: (1) any potential claims under Montana's declaratory judgment statute, Mont. Code Ann. § 27-8-202; or (2) by reason of St. Peter's retention of its right to be named as a plaintiff and to "bring[] claims on their own behalf;"[6] or (3) by reason of retention of a right to adjustment of loss run in the event of recovery by the Plaintiff Insurers. Moreover, Defendant unequivocally agreed to dismiss its counterclaim against St. Peter's in this case if the instant motion is granted.[7] St.

---

[5] Doc. 68-2 at 1.
[6] Doc. 68-2 at 2.
[7] Doc. 97 at 9.

4

Peter's is not a real party in interest in this case. It must be dismissed.

ORDERED:

1. Lexington's Motion for Partial Summary Judgment[8] is GRANTED.

2. St. Peter's is DISMISSED as a party plaintiff.

3. Lexington's counterclaim[9] against St. Peter's is DISMISSED.

4. The caption is amended to reflect the dismissal of St. Peter's as a Plaintiff.

DATED this 1st day of June, 2018.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[8] Doc. 67.
[9] Doc. 7 at 21-45.