FILED

JUN 0 4 2018

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| MOUNTAIN STATES HEALTHCARE RECIPROCAL RISK RETENTION GROUP and COLUMBIA CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXINGTON INSURANCE COMPANY,<br><br>Defendant. | No. CV 16-91-H-SEH<br><br>**ORDER** |

Before the Court are Plaintiffs' First Motions in Limine,[1] which request

orders:

    1.    Precluding Lexington Insurance Company ("Lexington") from introducing any comment,

---

[1] Doc. 72.

  argument, testimony, or evidence concerning the basis for Lexington's denial of defense to the Hospital other than the letter denying defense and indemnity dated April 15, 2016, and
2.  Precluding Lexington from introducing any comment, argument, testimony, or evidence regarding whether coverage exists under Lexington's policies, because the only issue is whether Lexington made an unequivocal demonstration that no coverage exists.[2]

In Montana, it is well-established that "[t]he duty to defend arises when a complaint against an insured alleges facts, which if proven, would result in coverage."[3] The carrier must provide "an unequivocal demonstration that the claim against the insured does not fall within the policy coverage *before* an insurer can refuse to defend; otherwise, the insurer has a duty to defend."[4] Accordingly, when defending a breach of duty to defend claim, the insurer is limited to those facts it was aware of and utilized at the time it denied coverage.[5]

---

[2] Doc. 72 at 2.

[3] *J & C Moodie Props., LLC v. Deck*, 384 P.3d 466, 472 (Mont. 2016) (quoting *Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 385 (Mont. 2004).

[4] *Newman v. Scottsdale Ins. Co.*, 301 P.3d 348, 359 (Mont. 2013) (emphasis added) (citing *Staples*, 90 P.3d at 386)).

[5] *See, e.g., Pacific Hide & Fur Depot v. Great Am. Ins. Co.*, 23 F. Supp. 3d 1208, 1225 (D. Mont. 2014) (citing *Newman*, 301 P.3d at 359-61 and *Staples*, 90 P.3d at 386-87.); *See also Revelation Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 206 P.3d 919, 928 (Mont. 2009).

2

An insurer waives any policy defenses not raised as a basis for denying coverage.[6] Moreover, policy defenses, if potentially applicable, are to be narrowly and strictly construed.[7] The Montana Supreme Court has repeatedly advised that an insurer defend under a reservation of rights if it believes a policy exclusion applies.[8]

In this case, on April 15, 2016, Lexington issued a letter denying coverage ("Denial Letter") under its policy with St. Peter's Hospital ("St. Peter's") for a lawsuit filed against St. Peter's on September 18, 2014.[9] The Denial Letter recited, *inter alia*:

> At this time, and based on the information currently available to us, we must inform you that there is no coverage under the Subject Policies for the Subject Claim, as more fully discussed below.[10]

Moreover, Lexington twice repeated its assertion in the Denial Letter that its policies provide "no coverage."[11]

---

[6] *See Newman*, 301 P.3d at 359-61.

[7] *See Newman*, 301 P.3d at 355.

[8] *See J & C Moodie Props., LLC*, 384 P.3d at 472-73; *See also Huckins v. United Services Automobile Association*, 396 P.3d 121, 128 (Mont. 2017).

[9] *See* Doc. 7-7.

[10] Doc. 7-7 at 1.

[11] *See* Doc. 7-7 at 2-3.

3

To date, Lexington has not altered its position of "no coverage under the Subject Policies for the Subject Claim."[12]

Having unequivocally asserted "no coverage," Lexington may well be said to have waived any basis for claiming notice conditions of the policy were not satisfied.

ORDERED:

Plaintiffs' First Motions in Limine[13] is GRANTED in part and DENIED in part as follows:

1. Lexington may not present any evidence, or make any comments, argument, or statements, related to any facts or information about which it learned or obtained after April 15, 2016, concerning any matter relevant to the issues in this case.

2. Lexington may offer evidence, as determined by the Court at trial to be admissible, of facts known to it as of April 15, 2016, offered in support of the position taken in the Denial Letter that no coverage existed under its policies with St. Peter's.[14] The legal effect or weight of any such evidence offered at trial is yet

---

[12] Doc. 7-7 at 1.

[13] Doc. 72.

[14] *See* Doc. 7-7.

4

to be determined and may or may not be relevant to any issue before the Court at that time.

DATED this 4th day of June, 2018

*Sam E. Haddon*
SAM E. HADDON
United States District Judge